EUGENE RYU (SBN) 209104
Gene.Ryu@klgates.com
PAUL M. SUH (SBN) 321028
Paul.Suh@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax No.:    (310) 552-5001

Attorneys for Defendant,
TRICOLOR CALIFORNIA AUTO GROUP,
LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO K. CORDOBA RIVERA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRICOLOR CALIFORNIA AUTO GROUP, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF PAUL M. SUH IN SUPPORT OF DEFENDANT TRICOLOR CALIFORNIA AUTO GROUP, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 28 U.S.C. §§ 1332(a), 1441, & 1446—DIVERSITY JURISDICTION**<br><br>**[28 U.S.C. §§ 1332(a), 1441, & 1446]**<br><br>Los Angeles County Superior Court Case No. 24STCV20001 (originally filed in County of Los Angeles Superior Court on August 8, 2024) |

1

**DECLARATION OF PAUL M. SUH**

I, Paul M. Suh, hereby declare and state as follows:

1.     I am an associate at the law firm of K&L Gates, counsel for Defendant

2.     Tricolor California Auto Group, LLC ("Defendant") in the above-entitled matter. I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and am responsible for representing said Defendant in this action. Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

3.     Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Summons and Complaint served on Defendant in the matter of *Julio K. Cordoba Rivera v. Tricolor California Auto Group, LLC,* and DOES 1 through 10, inclusive, Case No. 24STCV20001 ("State Court Action"), personally served on Defendant's agent for service of process, CT Corporation System, on August 27, 2024.

4.     Attached hereto as <u>Exhibit B</u> is a true and correct copy of the Summons, Complaint, Civil Cover Sheet, Alternative Dispute Resolution Packet, Minute Order, Notice of Case Assignment, Initial Status Conference Order, Clerks Certificate of Service by Electronic Service, and proof of service regarding how the Complaint was served on August 27, 2024, filed in the State Court Action and served upon Defendant.

5.     Attached hereto as <u>Exhibit C</u> is a true and correct copy of Defendant's Notice of Posting of Complex Fees filed and served on Plaintiff in the State Court Action on September 5, 2024, and Defendant's Answer to Plaintiff's Class Action Complaint filed by Defendant in the State Court Action, on September 25, 2024.

6.     Attached hereto as <u>Exhibit D</u> is a true and correct copy of Request For Dismissal Of Class Allegations Without Prejudice; Declaration Of Jacquelyne Vanemmerik; [Proposed] Order Thereon filed and served on Defendant in the State Court Action on September 23, 2024. Plaintiff represented that he would proceed with his individual allegations following the parties meet and confer efforts to dismiss his

2

1    class allegations pursuant to an arbitration agreement.

2         7.    On September 25, 2024, my office contacted the clerk of the court in the

3    State Court Action prior to filing Defendant's Answer to Plaintiff's Class Action

4    Complaint to confirm whether the court had granted Plaintiff's Request For Dismissal

5    Of Class Allegations Without Prejudice.  At that time, the clerk informed my office that

6    the court had not yet granted dismissal of the class allegations.

7         8.    As of the date of this removal, it is my understanding that no other parties

8    have been named or validly served in this matter. It is also my understanding that, as of

9    the date of this removal, no other pleadings, process, or orders have been served upon

10   Defendant, or filed in the State Court Action, other than those attached hereto.

11        Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under

12   the laws of the United States, that the foregoing is true and correct, and that this

13   declaration was executed on September 26, 2024, at Los Angeles, California.

14

15                              /s/ Paul M. Suh

16                              Paul M. Suh

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF PAUL M. SUH IN SUPPORT OF DEFENDANT TRICOLOR CALIFORNIA AUTO GROUP, LLC'S NOTICE OF REMOVAL**

# EXHIBIT A



## Service of Process Transmittal Summary

**TO:**     Andrew DeLuca
Tricolor Auto
6021 CONNECTION DR FL 4
IRVING, TX 75039-2607

**RE:**     **Process Served in California**

**FOR:**    TRICOLOR CALIFORNIA AUTO GROUP, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JULIO K. CORDOBA RIVERA, individually, and on behalf of all others similarly situated // To: TRICOLOR CALIFORNIA AUTO GROUP, LLC |
| **CASE #:** | 24STCV20001 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/27/2024 at 13:42 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Jerry Kollar  jkollar@tricolor.com |
| | Email Notification,  Andrew DeLuca  andrew.deluca@tricolor.com |
| | Email Notification,  Scott Scher  scott.scher-ex@tricolor.com |
| | Email Notification,  Madeline Armes  madeline.armes-ex@tricolor.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System 330 N BRAND BLVD STE 700 GLENDALE, CA 91203 866-539-8692 CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Aug 27, 2024
**Server Name:**             GERARDO MARTINEZ

| Entity Served | TRICOLOR CALIFORNIA AUTO GROUP, LLC |
|---|---|
| Case Number | 24STCV20001 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
|  |  |  |



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** TRICOLOR CALIFORNIA AUTO GROUP,
*(AVISO AL DEMANDADO):* LLC, a limited liability company; and DOES 1 through 10, inclusive

**Electronically FILED by
Superior Court of California,
County of Los Angeles
8/08/2024 12:05 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* JULIO K. CORDOBA RIVERA individually, and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Los Angeles Superior Court
*(El nombre y dirección de la corte es:)* 111 N Hill Street
Los Angeles CA 90017

CASE NUMBER:
*(Número del Caso:)*
24STCV20001

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
   Kane Moon, 725 S. Figueroa St., 31st Floor, Los Angeles CA 90017   213-232-3128

DATE:                                                    Clerk, by   David W. Slayton, Executive Officer/Clerk of Court   , Deputy
*(Fecha)*   08/08/2024                              *(Secretario)*           J. Nunez                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]


**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form     Save this form          Clear this form

Kane Moon (SBN 249834)
    E-mail: kmoon@moonlawgroup.com
Allen Feghali (SBN 301080)
    E-mail: afeghali@moonlawgroup.com
Jacquelyne P. VanEmmerik (SBN 339338)
    E-mail: jvanemmerik@moonlawgroup.com
**MOON LAW GROUP, PC**
725 S. Figueroa St., 31st Floor
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff Julio K. Cordoba Rivera

**Electronically FILED by
Superior Court of California,
County of Los Angeles
8/08/2024 12:05 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

JULIO K. CORDOBA RIVERA, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

TRICOLOR CALIFORNIA AUTO GROUP, LLC, a limited liability company; and DOES 1 through 10, inclusive,

Defendants

Case No.:   24STCV20001

**CLASS ACTION COMPLAINT:**

1.  Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197];
2.  Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];
3.  Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];
4.  Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7];
5.  Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802];
6.  Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];
7.  Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and
8.  Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].

**DEMAND FOR JURY TRIAL**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION & PRELIMINARY STATEMENT ................................................................. 1

THE PARTIES .......................................................................................................................... 3

    A.   Plaintiff .......................................................................................................... 3

    B.   Defendants ....................................................................................................... 3

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION .................................................. 4

CLASS ACTION ALLEGATIONS ......................................................................................... 7

FIRST CAUSE OF ACTION ................................................................................................. 11

SECOND CAUSE OF ACTION ............................................................................................ 13

THIRD CAUSE OF ACTION ................................................................................................ 14

FOURTH CAUSE OF ACTION ............................................................................................ 15

FIFTH CAUSE OF ACTION ................................................................................................. 16

SIXTH CAUSE OF ACTION ................................................................................................ 16

SEVENTH CAUSE OF ACTION .......................................................................................... 17

EIGHTH CAUSE OF ACTION ............................................................................................. 19

PRAYER FOR RELIEF ........................................................................................................ 22

DEMAND FOR JURY TRIAL .............................................................................................. 25

Plaintiff Julio K. Cordoba Rivera ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

**INTRODUCTION & PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendants Tricolor California Auto Group, LLC and Does 1 through 10 (collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, failure to indemnify necessary business expenses, and failure to furnish accurate wage statements.

2. Plaintiff brings the First through Eighth Causes of Action individually and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employeeduring the statute of limitations period applicable to the claims pleaded here.

3. Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Los Angeles County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4. Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

      (a) Failing to pay employees for all hours worked, including all minimum wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(b)    Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c)    Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d)    Failing to indemnify employees for necessary business expenses incurred;

(e)    Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(f)    Failing to maintain accurate records of the hours that employees worked.

(g)    Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5.    On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies.  Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.    At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class.  Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

**THE PARTIES**

A.    **Plaintiff**

7.    Plaintiff is a California resident that worked for Defendants in the County of Los Angeles, State of California, as a customer specialist during the statutory period.

8.    Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

B.    **Defendants**

9.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants are:

(a)    Business entities with their principal places of business in Los Angeles, California.

(b)    Business entities conducting business in numerous counties throughout the State of California, including in Los Angeles County; and

(c)    The former employers of Plaintiff, and the current and/or former employers of the putative Class. Defendants suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

10.    Plaintiff does not currently know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

12.    Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and

CLASS ACTION COMPLAINT

the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.    Plaintiff is a California resident who worked for Defendants in the County of Los Angeles, State of California during the statutory period. During the statutory time period, Plaintiff was typically scheduled to work 5 days in a workweek, and occasionally in excess of 8 hours in a single workday.

14.    Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff.  As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

15.    Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. Plaintiff and the Class were required to work "off the clock" and uncompensated. For example, Plaintiff and the Class were required to wait for managers to arrive at work to open the doors in order to clock into work, off the clock and uncompensated. Also, Plaintiff and the Class were required to

clock out and wait for the managers to close the store before leaving, off the clock and uncompensated. Also, Defendants often told Plaintiff and the Class to clock out for lunch, but told Plaintiff and the Class to continue working, off the clock and uncompensated. Also, Plaintiff and the Class were sometimes interrupted during their meal breaks, without compensation. Also throughout the statutory period, Plaintiff and the Class received non-discretionary bonuses, commissions, and other remunerations. However, Defendants failed to incorporate all remunerations when calculating the correct overtime rate of pay, sick day rate of pay, and meal break premium rate of pay, leading to underpayment to Plaintiff and the Class. Also throughout the statutory period, Defendants did not always pay Plaintiff and the Class all commissions owed, leading to underpayment to Plaintiff and the Class.

16.     Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods.  Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Defendants also failed to accurately record meal periods. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

17.     Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods.  Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted.  Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period.  Moreover, Defendants did not have adequate policies or practices permitting or

CLASS ACTION COMPLAINT

authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods.  Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods.  Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period.  Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

18.    Throughout the statutory period, Defendants wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement.  This included, without limitation, the purchase of gas for new cars sold without reimbursement, the use of personal vehicles for work purposes without reimbursement, and the use of personal cellular telephones for work purposes without reimbursement.

19.    Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal period premium wages, and rest period premium wages.

20.    Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law, and Defendant's address).  Further, the wage statements do not show Defendant's address as required by California law.  As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

(a)    the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

(b)    the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c)    the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)    the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)    the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

(f)    in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)    by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)    the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e), including actual damages.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil

Procedure § 382.

22.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

23.     The proposed Class consists of and is defined as:

> All persons who worked for any Defendant in California as non-exempt employees, any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

24.     At all material times, Plaintiff was a member of the Class.

25.     Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

26.     There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

    (a)     Numerosity:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

    (b)     Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

    (c)     Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests antagonistic to any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

    (d)    <u>Superiority</u>:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

        1)    The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

        2)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

        3)    The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

        4)    The difficulties likely to be encountered in the management of a class action.

    (e)    <u>Public Policy Considerations</u>:  The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

27.    There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

9

CLASS ACTION COMPLAINT

(a)     Failed to pay Class Members for all hours worked, including minimum

wages, and overtime wages;

(b)     Failed to provide meal periods and pay meal period premium wages to

Class Members;

(c)     Failed to authorize and permit rest periods and pay rest period premium

wages to Class Members;

(d)     Failed to promptly pay all wages due to Class Members upon their

discharge or resignation;

(e)     Failed to maintain accurate records of all hours Class Members worked,

and all meal periods Class Members took or missed;

(f)     Failed to reimburse Class Members for all necessary business expenses;

and

(g)     Violated California Business & Professions Code §§ 17200 *et. seq.* as a

result of their illegal conduct as described above.

28.     This Court should permit this action to be maintained as a class action pursuant to

California Code of Civil Procedure § 382 because:

(a)     The questions of law and fact common to the Class predominate over any

question affecting only individual members;

(b)     A class action is superior to any other available method for the fair and

efficient adjudication of the claims of the members of the Class;

(c)     The members of the Class are so numerous that it is impractical to bring all

members of the class before the Court;

(d)     Plaintiff, and the other members of the Class, will not be able to obtain

effective and economic legal redress unless the action is maintained as a

class action;

(e)     There is a community of interest in obtaining appropriate legal and

equitable relief for the statutory violations, and in obtaining adequate

compensation for the damages and injuries for which Defendants are

responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

    (f)    Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

        1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

        2)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

    (g)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

29.    Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action.  The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices.  To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## **FIRST CAUSE OF ACTION**

**(Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)**

30.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

31.     "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

32.     At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked.  By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

33.     Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all non-overtime hours worked for Defendants.

34.     By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

35.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

36.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

37.     Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

38.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages.  However, during all such times, Defendants

systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

39.    Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

40.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

41.    California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

42.    California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

43.    At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

44.    At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class are regularly required to work overtime hours.

45.    By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

46.    By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

47.    Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

48.    California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

<u>**THIRD CAUSE OF ACTION**</u>

**(Against All Defendants for Failure to Provide Meal Periods)**

49.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

50.    Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

51.    Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law.  By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods),

Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

52.     Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

## FOURTH CAUSE OF ACTION

**(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

53.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

54.     Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  Section 512 of the California Labor Code, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked.  Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

55.     Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

56.     Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

## FIFTH CAUSE OF ACTION

**(Against All Defendants for Failure to Indemnify Necessary Business Expenses)**

57.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

58.     Defendants violated Labor Code section 2802 and the IWC Wage Orders, by failing to pay and indemnify the Plaintiff and the Class for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

59.     As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

60.     Plaintiff and the class they represent are entitled to attorney's fees, expenses, and costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section 2802(b).

## SIXTH CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

61.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

62.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

63.     Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be

paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

64.    Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

65.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

66.    Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

67.    Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

### SEVENTH CAUSE OF ACTION

**(Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)**

68.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

69.    At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

70.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

71.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

72.    Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

73.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

74.    Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a).

75.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## EIGHTH CAUSE OF ACTION

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

76.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

77.     Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

78.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

79.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

80.     A violation of California Business & Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, *et seq*.

### Failure to Pay Minimum Wages

81.     Defendants' failure to pay minimum wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Pay Overtime Wages

82.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Maintain Accurate Records of All Hours Worked**

83.    Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Provide Meal Periods**

84.    Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Authorize and Permit Rest Periods**

85.    Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

**Failure to Indemnify Necessary Business Expenses**

86.    Defendants' failure to indemnify employees for necessary business expenses in accordance with California Labor Code § 2802 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

**Failure to Provide Accurate Itemized Wage Statements**

87.    Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

88.    By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

89.    Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

90.    Plaintiff, individually, and on behalf of members of the putative Class, is entitled

to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

91.    Plaintiff, individually, and on behalf of members of the putative class, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

92.    Plaintiff, individually, and on behalf of members of the putative class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

93.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

94.    Pursuant to California Business & Professions Code §§ 17200, *et seq*., Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

1    **PRAYER FOR RELIEF**

2        Plaintiff, individually, and on behalf of all others similarly situated only with respect to

3    the class claims, prays for relief and judgment against Defendants, jointly and severally, as

4    follows:

5    Class Certification

6        1.     That this action be certified as a class action with respect to the First, Second,

7    Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

8        2.     That Plaintiff be appointed as the representative of the Class; and

9        3.     That counsel for Plaintiff be appointed as Class Counsel.

10    As to the First Cause of Action

11        4.     That the Court declare, adjudge and decree that Defendants violated California

12    Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all

13    minimum wages due;

14        5.     For general unpaid wages as may be appropriate;

15        6.     For pre-judgment interest on any unpaid compensation commencing from the date

16    such amounts were due;

17        7.     For liquidated damages;

18        8.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

19    California Labor Code § 1194(a); and,

20        9.     For such other and further relief as the Court may deem equitable and appropriate.

21    As to the Second Cause of Action

22        10.    That the Court declare, adjudge and decree that Defendants violated California

23    Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all

24    overtime wages due;

25        11.    For general unpaid wages at overtime wage rates as may be appropriate;

26        12.    For pre-judgment interest on any unpaid overtime compensation commencing

27    from the date such amounts were due;

28        13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

California Labor Code § 1194(a); and,

14.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

15.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16.    For unpaid meal period premium wages as may be appropriate;

17.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fourth Cause of Action</u>

20.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21.    For unpaid rest period premium wages as may be appropriate;

22.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

24.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fifth Cause of Action</u>

25.    That the Court declare, adjudge and decree that Defendants violated Labor Code § 2802 and the IWC Wage Orders;

26.    For general unpaid wages and reimbursement of business expenses as may be appropriate;

27.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

28.    For reasonable attorneys' fees and for costs of suit incurred herein; and

29.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Sixth Cause of Action</u>

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

31.     For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

32.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

33.     For reasonable attorneys' fees and for costs of suit incurred herein; and

34.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Seventh Cause of Action</u>

35.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

36.     For penalties and actual damages pursuant to California Labor Code § 226(e);

37.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

38.     For reasonable attorneys' fees and for costs of suit incurred herein; and

39.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Eighth Cause of Action</u>

40.     That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked (including minimum and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, failing to furnish accurate wage statements, and failing to indemnify necessary business expenses;

CLASS ACTION COMPLAINT

41.  For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

42.  For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq*.;

43.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

44.  For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq*.; and,

45.  For such other and further relief as the Court may deem equitable and appropriate.

<u>As to all Causes of Action</u>

46.  For any additional relief that the Court deems just and proper.

Dated: August 8, 2024                    Respectfully submitted,

**MOON LAW GROUP, PC**

By: _____

Kane Moon
Allen Feghali
Jacquelyne P. VanEmmerik
Attorneys for Plaintiff

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: August 8, 2024                    **MOON LAW GROUP, PC**

By: _____

Kane Moon
Allen Feghali
Jacquelyne P. VanEmmerik
Attorneys for Plaintiff

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kane Moon (SBN 249834), Allen Feghali (SBN 301080) Jacquelyne P. VanEmmerik (SBN 339338)<br>MOON LAW GROUP, PC<br>725 S. Figueroa St., 31st Floor, Los Angeles CA 90017<br>TELEPHONE NO.: 213-232-3128    FAX NO.: 213-232-3125<br>EMAIL ADDRESS: kmoon@moonlawgroup.com; afeghali@moonlawgroup.com<br>jvanemmerik@moonlawgroup.com<br>ATTORNEY FOR *(Name):*    Plaintiff | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/08/2024 12:05 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Nunez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: Same As Above
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Los Angeles  Superior Courthouse

CASE NAME:   RIVERA, v. TRICOLOR CALIFORNIA AUTO GROUP, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24STCV20001 |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 8
5. This case [X] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:  8-8-2024

Kane Moon
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                        CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
   relations)*
Sister State Judgment
Administrative Agency Award
   *(not unpaid taxes)*
Petition/Certification of Entry of
   Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    [Print this form]    [Save this form]    [Clear this form]

| SHORT TITLE | CASE NUMBER |
|---|---|
| RIVERA v. TRICOLOR CALIFORNIA AUTO GROUP, LLC | 24STCV20001 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.   Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.   Location where petitioner resides. |
| 2.   Permissive filing in Central District. | 8.   Location wherein defendant/respondent functions wholly. |
| 3.   Location where cause of action arose. | 9.   Location where one or more of the parties reside. |
| 4.   Location where bodily injury, death or damage occurred. | 10.   Location of Labor Commissioner Office. |
| 5.   Location where performance required, or defendant resides. | 11.   Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.   Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| RIVERA v. TRICOLOR CALIFORNIA AUTO GROUP, LLC | |

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | | ☐ 2307 Construction Accidents | 1, 4 |
| | | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| RIVERA v. TRICOLOR CALIFORNIA AUTO GROUP, LLC | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| RIVERA v. TRICOLOR CALIFORNIA AUTO GROUP, LLC | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| RIVERA v. TRICOLOR CALIFORNIA AUTO GROUP, LLC | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| CITY:           STATE:           ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _08/08/2024_____          _____

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.



# Superior Court of California, County of Los Angeles

<div style="border:1px solid black">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 9

**24STCV20001**                                                         August 23, 2024
**JULIO K. CORDOBA RIVERA vs TRICOLOR CALIFORNIA**              2:56 PM
**AUTO GROUP, LLC**

| | |
|---|---|
| Judge: Honorable Elaine Lu | CSR: None |
| Judicial Assistant: A. Rosas | ERM: None |
| Courtroom Assistant: M. Tavakoli | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 12/20/2024 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 9

**24STCV20001**                                              August 23, 2024
**JULIO K. CORDOBA RIVERA vs TRICOLOR CALIFORNIA**                    2:56 PM
**AUTO GROUP, LLC**

Judge: Honorable Elaine Lu                   CSR: None
Judicial Assistant: A. Rosas                 ERM: None
Courtroom Assistant: M. Tavakoli             Deputy Sheriff: None

Appearance shall not constitute a waiver of any substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended
Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a
Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to
https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for
"Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's
First Amended General Order of May 3, 2019, particularly including the provisions therein
requiring Bookmarking with links to primary documents and citations; that Order is available on
the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every
new case to use an approved third-party cloud service that provides an electronic message board.
In order to facilitate communication with counsel prior to the Initial Status Conference, the
parties must sign-up with the e-service provider at least ten (10) court days in advance of the
Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and
parties to make audio or video appearances in Los Angeles County courtrooms.
LACourtConnect technology provides a secure, safe and convenient way to attend hearings
remotely. A key element of the Court's Access LACourt YOUR WAY program to provide
services and access to justice, LACourtConnect is intended to enhance social distancing and
change the traditional in-person courtroom appearance model. See
https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS")
portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the
Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1
is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own
arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information
on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 9

**24STCV20001**                                                                August 23, 2024
**JULIO K. CORDOBA RIVERA vs TRICOLOR CALIFORNIA**                              2:56 PM
**AUTO GROUP, LLC**

Judge: Honorable Elaine Lu                    CSR: None
Judicial Assistant: A. Rosas                  ERM: None
Courtroom Assistant: M. Tavakoli              Deputy Sheriff: None

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Clerk's Certificate of Service By Electronic Service is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/08/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Nunez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV20001 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Elaine Lu | 9 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/08/2024
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By J. Nunez_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

FILED
Superior Court of California
County of Los Angeles

08/23/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ Deputy
        A. Rosas

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
**JULIO K. CORDOBA RIVERA vs TRICOLOR CALIFORNIA AUTO GROUP, LLC**
**24STCV20001**
**INITIAL STATUS CONFERENCE ORDER**

This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith.  That Minute Order sets a date and time for the Initial Status Conference (ISC) and includes many other important provisions which are **NOT** repeated in this Order.  Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Some provisions of this Order refer to wage-and-hour class actions and may not be applicable to other types of class actions.  If they are irrelevant to your case, say so in your Joint Initial Status Conference Report.

The parties **MUST** sign up with an e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court, via email to sscdept9@lacourt.org which provider was selected.

Counsel **must** file a Joint ISC Report five (5) court days (**December 13, 2024**) before the ISC.  The Joint ISC Report must be filed online-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.  To the extent the parties are unable to agree on the matters to be addressed in the Joint ISC Report, the positions of each party or group of parties must be set forth separately.

The Joint ISC Report must address the following:

1.      Parties and Counsel:  Please list all presently named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2.      Appearance by defendants:  Please indicate whether defendant has filed a Notice of Appearance or Responsive Pleading to the Complaint, and, if so, indicate the filing date(s).

3.      Potential Additional Parties:  Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named.

4.      Erroneously Named Parties:  If the complaint names the wrong person or entity, why is the party improperly named?  What is the proposed procedure to correct this error?

5.      Adequacy of Proposed Class Representative(s):  Is one or more named plaintiffs an inadequate class representative?  Explain.

1

6.      Estimated Class Size:  What is the estimated class size?

7.      Other Actions with Overlapping Class Definitions/Related Cases:  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

8.      Potentially Relevant Arbitration and/or Class Action Waiver Clauses:  Please include a sample of any clause of this sort.   The parties must summarize their views on this issue.

9.      Potential Early Crucial Motions:  What are the significant core issues in the case? Please identify efficient ways to resolve those issues.  The vehicles may include:

•       Early motions in limine
•       Early motions about particular jury instructions
•       Demurrers
•       Motions to strike
•       Motions for judgment on the pleadings, and
•       Motions for summary judgment and summary adjudication.

10.     Class Contact Information:  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. V. Superior Court (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

11.     Protective Orders:  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

12.     Discovery:  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.   The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

13.     Insurance Coverage:  Is there insurance for indemnity or reimbursement?

14.     Alternative Dispute Resolution:  Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

15.     Timeline for Case Management:  Please recommend dates and times for the following:

---

[1] California Rule of Court, Rule 3.768.

- The next status conference, if needed.  The court does not schedule status conferences for most cases.  Rather, the court gives deadlines for the filing of motions for class certification with non-appearance case management reviews set a few days after the filing deadlines.
- A schedule for alternative dispute resolution, if it is relevant.
- A filing deadline for the motion for class certification.
- Filing deadlines and descriptions for other anticipated non-discovery motions.

16.    Electronic Service of Papers and eFiling:  The Court will issue an Order requiring an electronic service provider.  While the parties are free to choose one of the two services shown below, this Court (Department 9) prefers that the parties select:

- **Case Anywhere (http://www.caseanywhere.com)**

  o    The parties are not required to select Case Anywhere, but may choose instead

- File & Serve Xpress (https://secure.fileandservexpress.com)

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Report.  If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing. Pursuant to Los Angeles Superior Court, rule 3.4(a), represented litigants are required to electronically file documents with the Court through an approved Electronic Filing Service Provider. For information on electronic filing in the Complex Courts, please refer to http://www.lacourt.org/division/efiling/pdf/ComplexefilingFAQs.pdf.

17.    Service of the ISC Order:  Plaintiffs' counsel must serve this ISC Order on counsel for Defendant, or if counsel is unknown, on Defendant within five (5) days of service of this Order.  Within five court days of service of this Order, each defendant must file a Notice of Appearance for purposes of identification of counsel and preparation of a service list.

18.    Service of the Complaint:   If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff must serve the Complaint within five (5) days of service of this Order and file Proof of Service of the Complaint.

Except as otherwise provided in the ISC Orders, these proceedings are stayed in their entirety, including discovery under CCP §2016.090.  All management stays, including stays of discovery issued by the Court, are not a stay per Code of Civil Procedure section 583.310 unless specifically ordered by the Court.

IT IS SO ORDERED.

DATED: August 23, 2024

_Elaine Lu_

Elaine Lu / Judge

_____

ELAINE LU
Judge of the Superior Court

3

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Spring Street Courthouse

312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF:

Julio K. Cordoba Rivera

DEFENDANT:

Tricolor California Auto Group, LLC

**FILED**
Superior Court of California
County of Los Angeles

08/23/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Rosas _____ Deputy

## CERTIFICATE OF ELECTRONIC SERVICE
## CODE OF CIVIL PROCEDURE 1010.6

CASE NUMBER:

24STCV20001

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the  Minute Order and Initial Status Conference Order

entered herein, on ___08/23/2024___, upon each party or counsel of record in the above entitled action, by electronically serving the document(s) on _____Kane Moon_____ at

 kmoon@moonlawgroup.com _____ on ___08/23/2024___ from my place of

business, Spring Street Courthouse  312 North Spring Street, Los Angeles, CA 90012 _____

in accordance with standard court practices.

David W. Slayton, Executive Officer / Clerk of Court

Dated:  08/23/2024 _____          By:  A. Rosas _____

                                                                            Deputy Clerk

**CERTIFICATE OF ELECTRONIC SERVICE**
**CODE OF CIVIL PROCEDURE 1010.6**

CODE Civ. Proc. § 1013(f)

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br> Kane Moon (SBN 249834);Allen Feghali (SBN 301080);<br> Jacquelyne P. VanEmmerik (SBN 339338);<br> MOON LAW GROUP, PC<br> 725 South Figueroa Street, 31st Floor   Los Angeles, CA 90017<br> TELEPHONE NO.: (213) 232-3128 / FAX NO. (213) 232-3125 / E-MAIL ADDRESS kmoon@moonlawgroup.com<br> ATTORNEY FOR *(Name):* Plaintiff: Julio K. Cordoba Rivera | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/30/2024 11:01 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By R. Lozano, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

STREET ADDRESS: 111 North Hill Street

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: STANLEY MOSK COURTHOUSE

| | |
|---|---|
| PLAINTIFF/PETITIONER: JULIO K. CORDOBA RIVERA, individually<br><br>DEFENDANT/RESPONDENT: TRICOLOR CALIFORNIA AUTO GROUP, LLC, a limited liability company | CASE NUMBER:<br>24STCV20001 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>2355994KA |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE; MINUTE ORDER; INITIAL STATUS CONFERENCE ORDER; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKAGE; ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION; FIRST AMENDED GENERAL ORDER

3. a. Party served *(specify name of party as shown on documents served):*

   **TRICOLOR CALIFORNIA AUTO GROUP, LLC, a limited liability company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CT Corporation System, Agent for Service of Process by serving Jackeline Mejia - Intake Specialist**

4. Address where the party was served:  **330 North Brand Boulevard, Suite 700**
   **Glendale, CA 91203**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date): 8/27/2024*   (2) at *(time):* **11:58 AM**

   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
      *(date):*   from *(city):*                               **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | |
|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** |

Code of Civil Procedure, § 417.10

POS010-1/2355994

Plaintiff: **JULIO X. CORDOBA RIVERA, individually,**

Defendant: **TRICOLOR CALIFORNIA AUTO GROUP, LLC, a limited liability company**

24STCV20001

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:           (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **TRICOLOR CALIFORNIA AUTO GROUP, LLC, a limited liability company**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☑ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
a. Name: **Eric A. Rivers - Ace Attorney Service, Inc.**
b. Address: **800 S. Figueroa Street, Suite 900 Los Angeles, CA 90017**
c. Telephone number: **(213) 623-3979**
d. **The fee** for service was: **$ 129.25**
e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
        (i) ☐ owner   ☐ employee   ☑ independent contractor.
        (ii) Registration No.: **6439**
        (iii) County: **ORANGE**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **8/30/2024**

_____
**Eric A. Rivers**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(Signature - Per CC §1633.7)

**EXHIBIT C**

EUGENE RYU (SBN) 209104
Gene.Ryu@klgates.com
PAUL M. SUH (SBN) 321028
Paul.Suh@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
8th Floor
Los Angeles, CA 90067
Telephone:   (310) 552-5000
Fax No.:      (310) 552-5001

Attorneys for Defendant,
TRICOLOR CALIFORNIA AUTO GROUP, LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/05/2024 5:15 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Jones, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JULIO K. CORDOBA RIVERA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRICOLOR CALIFORNIA AUTO GROUP, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  24STCV20001<br><br>**DEFENDANT TRICOLOR CALIFORNIA AUTO GROUP, LLC'S NOTICE OF POSTING COMPLEX FEES**<br><br>[Assigned to the Hon. Elaine Lu]<br><br>Date:      December 20, 2024<br>Time:     10:00 a.m.<br>Dept.:    9<br><br>Trial Date:  None Set<br>Complaint Filed:  August 8, 2024 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE** that Defendant Tricolor California Auto Group, LLC has posted

complex fees in the amount of $1,000 in the above entitled matter.

                            K&L GATES LLP

Dated: September 4, 2024         By:_____
                                    GENE RYU
                                    PAUL M. SUH
                                    Attorneys for Defendant
                                    TRICOLOR CALIFORNIA AUTO GROUP, LLC

1

# PROOF OF SERVICE

*[Julio K. Cordoba Rivera v. Tricolor California Auto Group, LLC,* LASC Case No. 24STCV20001]

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **September 4, 2024**, I served the document(s) described as:

**DEFENDANT TRICOLOR CALIFORNIA AUTO GROUP, LLC'S NOTICE OF POSTING COMPLEX FEES**

on the interested parties in this action by delivering a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Kane Moon                                                  *Attorneys for Plaintiff*
Allen Feghali                                              Julio K. Cordoba Rivera
Jacquelyne P. YanEmmerik
MOON LAW GROUP, PC
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (213) 232-3128
Facsimile:  (213) 232-3125
Emails:  kmoon@moonlawgroup.com
         afeghali@moonlawgroup.com
         jvanemmerik@moonlawgroup.com

☒  **MAIL:**  I placed for collection and processing such envelope(s) to be deposited in the mail at Los Angeles, California, with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business herein attested to (C.C.P. § 1013(a)). I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐  **BY ELECTRONIC SERVICE**: Pursuant to C.R.C. 2.251 or agreement by all parties, I served the described document(s) by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is jonathan.randolph@klgates.com.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 4, 2024**, at Los Angeles, California.

_____
Jonathan Randolph

RECYCLED PAPER

EUGENE RYU (SBN) 209104
Gene.Ryu@klgates.com
PAUL M. SUH (SBN) 321028
Paul.Suh@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
8th Floor
Los Angeles, CA 90067
Telephone:    (310) 552-5000
Fax No.:    (310) 552-5001

Attorneys for Defendant,
TRICOLOR CALIFORNIA AUTO GROUP, LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/25/2024 4:40 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Arellanes, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JULIO K. CORDOBA RIVERA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRICOLOR CALIFORNIA AUTO GROUP, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 24STCV20001<br><br>**DEFENDANT TRICOLOR CALIFORNIA AUTO GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>[Assigned to the Hon. Elaine Lu]<br><br>Complaint Filed: August 8, 2024 |

DEFENDANT TRICOLOR CALIFORNIA AUTO GROUP, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT

Defendant TRICOLOR CALIFORNIA AUTO GROUP, LLC (the "Defendant") hereby answer Plaintiff JULIO K. CORDOBA RIVERA ("Plaintiff") Complaint for Damages (the "Complaint") as follows:

## GENERAL DENIAL

Defendant generally denies each and every allegation contained in Plaintiff's Complaint for compensatory damages, economic and/or special damages, unpaid wages, penalties, restitution, interest, attorneys' fees, costs of suit, or any other relief of any kind whatsoever.

## AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses. By asserting these defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Moreover, Defendant does not presently know all the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Accordingly, Defendant will seek leave to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

1.    The Complaint, and each and every cause of action alleged therein, is barred to the extent that Plaintiff and the putative class members entered into a binding arbitration agreement with Defendant that includes a class and representative action waiver.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

2.    The Complaint and each cause of action alleged therein fails to state facts sufficient to constitute a cause of action.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.    The Complaint is barred, in whole or in part, by the applicable statute(s) of limitation, including without limitation, California Code of Civil Procedure sections 338(a), 340(a) and 343, California Labor Code, and California Business and Professions Code.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

4.      The Complaint, and each cause of action set forth therein, or some of them, is barred because the named Plaintiff lacks standing as a representative of the putative class.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

5.      Any recovery on Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff and/or the putative class members' claims are estopped, barred by laches, or barred by unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Uncertain)

6.      Any recovery on Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's and/or the putative class members' Complaint, theories of liability, and scope of the putative class are uncertain.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

7.      The Complaint and each cause of action alleged therein are barred by the doctrine of consent.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

8.      Even if any employment relationship existed between Plaintiff and Defendant, the Complaint, in whole or in part, is barred to the extent that any violation of the Labor Code or an order of the Industrial Welfare Commission was an act or omission made in good faith, and Defendant had reasonable grounds for believing that the act or omission was not a violation of the Labor Code or any order of the Industrial Welfare Commission and that, accordingly, it did not willfully or intentionally fail to pay additional compensation to Plaintiff or putative class members, and no waiting time penalties should be awarded Plaintiff or putative class members for any violation thereof that may be found to exist.

## NINTH AFFIRMATIVE DEFENSE

### (Injury Resulted From Act or Omission of Plaintiff and/or the Putative Class Members)

9.      Even if any employment relationship existed between Plaintiff and Defendant, each purported cause of action contained in the Complaint, or some of the causes of action, are barred because the alleged losses or harms sustained by Plaintiff and/or the putative class members, if any, resulted from the acts or omissions of Plaintiff and/or the putative class members, and/or was proximately caused by the actions or inactions of Plaintiff and/or the putative class members.

## TENTH AFFIRMATIVE DEFENSE

### (Breach of Duties)

10.      Even if any employment relationship existed between Plaintiff and Defendant, the Complaint and each cause of action set forth therein is barred by Plaintiff's and/or the putative class members own breach of duties owed to Defendant under California Labor Code sections 2853, 2854, and/or 2856-2859, because, *inter alia*, based on information and belief, Plaintiff and/or the putative class members affirmatively indicated he/they received meal and rest breaks and compensation for time and otherwise failed to report claims upon which the complaint is asserted.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failed to Comply with Policy)

11.      Even if any employment relationship existed between Plaintiff and Defendant, the Complaint is barred, in whole or in part, to the extent Plaintiff or the putative class members failed to comply with applicable policies or instructions and such failure proximately caused their alleged damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Take Breaks Provided)

12.      Even if any employment relationship existed between Plaintiff and Defendant, assuming *arguendo* that Plaintiff and/or the putative class members he seeks to represent were entitled to meal and/or rest breaks, Plaintiff and/or the putative class members he seeks to represent have no right to a premium payment under California Labor Code section 226.7 because they (1) failed to take breaks that were provided to them in compliance with California law, (2) chose not to take the breaks that

4

were authorized and permitted, (3) chose not to take breaks without permission or the actual or constructive knowledge of Defendant, or (4) waived their right to meal breaks under California Labor Code section 512(a).

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Labor Code Sections 201 and 202 – Good Faith Dispute)

13.    Even if any employment relationship existed between Plaintiff and Defendant, the Complaint fails to state a claim for penalties under the California Labor Code because (1) there are bona fide good faith disputes as to whether further compensation is due to Plaintiff and/or the putative class members, and if so, as to the amount of such further compensation; (2) Defendant has not willfully failed to pay such additional compensation, if any is owed; and (3) to impose penalties in this case would be inequitable and unjust.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Labor Code Section 203 – No Willful or Intentional Violation)

14.    Even if any employment relationship existed between Plaintiff and Defendant, the Complaint fails to state a claim for penalties under California Labor Code section 203 because Defendant did not willfully or intentionally violate Labor Code sections 201 or 202.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties – Statute of Limitations)

15.    Even if any employment relationship existed between Plaintiff and Defendant, any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in part, by the statute of limitations, as any claim stopped accruing upon the filing of the complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Injury or Standing for Wage Statement Claim)

16.    Even if any employment relationship existed between Plaintiff and Defendant, Plaintiff and the putative class members did not suffer injury as a result of any failure to provide accurate itemized wage statements and so lack standing to assert a claim under California Labor Code section 226.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

17.     Plaintiff's prayer for injunctive relief and an equitable accounting is barred because Plaintiff has an adequate and complete remedy at law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

18.     The Complaint, and each and every cause of action therein, are barred by the doctrines of res judicata and collateral estoppel as to Plaintiff and/or putative class members.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Offset)

19.     Even if any employment relationship existed between Plaintiff and Defendant, to the extent Plaintiff or the putative class members are entitled to any additional compensation, such additional compensation must be offset by the amount of any compensation and/or other monies Plaintiff or the putative class members received from any Defendant, at any time, in excess of the amount of compensation to which they were legally entitled for work performed.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Compromise and Release)

20.     The Complaint is barred, in whole or in part, to the extent Plaintiff or the putative class members knowingly and voluntarily settled, compromised, and release claims alleged in this lawsuit.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Release)

21.     The Complaint is barred by waiver and release to the extent that Plaintiff and/or any putative class members have released or will release Defendant from liability for such claims asserted in the Complaint prior to adjudication of those claims.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

22.     The Complaint is barred, in whole or in part, by the doctrine of unjust enrichment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Claims Unconstitutionally Vague and Ambiguous)

23.    The Complaint, and each cause of action set forth therein, or some of them, is barred because the applicable Wage Orders of the Industrial Welfare Commission, are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing to Recover Penalties)

24.    Plaintiff lacks standing to bring this action for, and the court lacks jurisdiction to award, certain of the civil and statutory penalties sought in the Complaint, as such penalties may only be imposed in a proceeding brought by the California Labor Commissioner.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Prejudgment Interest)

25.    The Complaint fails, in whole or in part, to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

26.    The Complaint fails, in whole or in part, to state a claim for which attorneys' fees and costs may be granted, particularly as to, inter alia, claims for failure to provide meal and rest breaks.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Labor Code and IWC Orders Unconstitutionally Vague)

27.     Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred because the applicable Labor Code sections and/or wage order(s) of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

7

**(Failure to Use Ordinary Care)**

28.     Plaintiff's and/or putative class members individual claims are barred by California Labor Code §§ 2854 and 2856 in that Plaintiff and/or the putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Full Performance)

29.     Without admitting the existence of any duties or obligations as alleged in the Complaint, any such duties or obligations which were owed to Plaintiff and/or the putative class members have been fully performed, satisfied or discharged by, inter alia, paying all wages owed, providing meal and rest breaks, providing accurate wage statements, reimbursing employees for necessary business expenses, and timely paying for time worked.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (De Minimis)

30.     Plaintiff and/or the putative class members are barred, in whole or in part due to the *de minimis* doctrine, and any alleged unpaid work was minute and/or irregular.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Duplicate Claims)

31.     The Complaint may be duplicative of other claims pending against Defendant. To the extent any relief is provided or awarded in the other actions with respect to the duplicative claims, Plaintiff is barred, in whole or in part, from recovering for those claims in this action pursuant to the doctrines of res judicata, collateral estoppel, settlement, and/or release.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Initial Violation)

36.     Insofar as Defendant has never been cited by the Labor Commissioner, or received judgment against them in a court or law, with respect to any of Plaintiff's claims, any civil penalties awarded to Plaintiff and/or the putative class members must be limited to those penalties applicable to an initial violation.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

37.     Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and the purported cause of action therein are barred by the equitable doctrine of estoppel.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

38.     Defendant alleges that any recovery of Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff and/or the putative class members, by reason of their acts, conduct, and/or omissions, have waived or released their rights, if any, to obtain the relief sought in the Complaint, including, inter alia, by contract and/or were provided and/or authorized and permitted to take meal and/or rest breaks but declined to take breaks.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Avoiding and/or Secreting)

39.     Defendant alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred to the extent that Plaintiff and/or some, or all, of the putative class members secreted or absented themselves or the work purportedly performed without notice to Defendant, to avoid payment of wages, thereby relieving Defendant of liability for damages or penalties under the California Labor Code.

## FORTIETH AFFIRMATIVE DEFENSE

### (Meal and Rest Periods - Waiver)

40.     Plaintiff's and/or the putative class members' claims are barred, in whole or in part, to

9

the extent Defendant provided Plaintiff and/or the putative class members with meal and rest periods, and any failure by Plaintiff and/or the putative class members to take meal and/or rest breaks constituted a waiver by Plaintiff and/or the putative class members, including for any meal break during shifts six hours or less or for shifts of 12 hours or less where the first meal break was taken. This waiver includes Plaintiff's and/or putative class members' intentional decisions not to take a provided meal or rest period, and/or to the extent that the failure to take meal and/or rest breaks was the result of a failure by Plaintiff and/or the putative class members to follow Defendant's reasonable instructions.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (No Willfulness – Failure to Pay Wages Upon Termination)

41.    Defendant alleges that it properly paid all wages due and owing to Plaintiff and/or the putative class members during employment and to the extent applicable after employment, and, to the extent such wages were due but unpaid (which Defendant denies), Defendant's failure to pay was not "willful."

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

42.    Defendant alleges that Plaintiff and the putative class members have failed to mitigate or avoid any and all damages allegedly caused by Defendant, the existence of which Defendant denies. Any damages that may be recoverable by Plaintiff and/or the putative class members should therefore be denied or reduced accordingly.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (No Standing for Unfair Business Practices Claim)

43.    The claim for Unfair Business Practices fails to the extent that Plaintiff lacks standing as a representative of a purported class under California Business and Professions Code section 17204.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Not Employer)

44.    The Complaint, and each and every cause of action alleged therein, is barred on the ground that Defendant did not employ Plaintiff or the putative class members.

## RESERVATION OF RIGHT TO AMEND TO ADD ADDITIONAL DEFENSES

45.    Defendant does not presently know all of the facts respecting the conduct of Plaintiff sufficient to allow it to state all defenses at this time.  Defendant is informed and believes, however, that further investigation and discovery will reveal that it may have additional defenses available of which it is not fully aware at the present time.  Defendant reserves the right to amend this Answer to assert said additional defenses should it later discover facts demonstrating the existence and applicability of same.

K&L GATES LLP

Dated: September 25, 2024          By: _____
                                       GENE RYU
                                       PAUL M. SUH

                                       Attorneys for Defendant
                                       TRICOLOR CALIFORNIA AUTO GROUP, LLC

**PROOF OF SERVICE**

*[Julio K. Cordoba Rivera v. Tricolor California Auto Group, LLC,* LASC Case No. 24STCV20001]

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **September 25, 2024**, I served the document(s) described as:

**DDEFENDANT TRICOLOR CALIFORNIA AUTO GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested parties in this action by delivering a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Kane Moon | *Attorneys for Plaintiff* |
| Allen Feghali | Julio K. Cordoba Rivera |
| Jacquelyne P. Yanemmerik | |
| MOON LAW GROUP, PC | |
| 725 South Figueroa Street, 31st Floor | |
| Los Angeles, CA 90017 | |
| Telephone: (213) 232-3128 | |
| Facsimile:  (213) 232-3125 | |
| Emails:  kmoon@moonlawgroup.com | |
|          afeghali@moonlawgroup.com | |
|          jvanemmerik@moonlawgroup.com | |
|          jenoh@moonlawgroup.com | |

☒      **BY ELECTRONIC SERVICE**: Pursuant to C.R.C. 2.251 or agreement by all parties, I served the described document(s) by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is jonathan.randolph@klgates.com.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 25, 2024**, at Los Angeles, California.

_____
Jonathan Randolph

Recycled Paper

**PROOF OF SERVICE**

# EXHIBIT D

1    Kane Moon (SBN 249834)
     Allen Feghali (SBN 301080)
2    Jacquelyne VanEmmerik (SBN 339338)
     **MOON LAW GROUP, P.C.**
3    725 South Figueroa Street, 31st Floor
     Los Angeles, California 90017
4    Telephone: (213) 232-3128
     Facsimile: (213) 232-3125
5    Email: kmoon@moonlawgroup.com
     Email: afeghali@moonlawgroup.com
6    Email: jvanemmerik@moonlawgroup.com

7    Attorneys for Plaintiff, *Julio K. Cordoba Rivera*

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **FOR THE COUNTY OF LOS ANGELES**

10

11   JULIO K. CORDOBA RIVERA, individually,      Case No.: 24STCV20001
     and on behalf of all others similarly situated,
12                                                [Honorable Elaine Lu, Department 9]
                     *Plaintiff,*
13                                                **REQUEST FOR DISMISSAL OF CLASS**
             vs.                                  **ALLEGATIONS WITHOUT PREJUDICE;**
14                                                **DECLARATION OF JACQUELYNE**
     TRICOLOR CALIFORNIA AUTO GROUP,              **VANEMMERIK; [PROPOSED] ORDER**
15   LLC, a limited liability company; and DOES 1 **THEREON**
     through 10, inclusive,
16                                                Complaint Filed: August 8, 2024
                     *Defendants.*                Trial Date: Not Set
17

18

19

20

21

22

23

24

25

26

27

28

_____

**REQUEST FOR DISMISSAL**

1.       Plaintiff Julio K. Cordoba Rivera ("Plaintiff") submits the instant Request for Dismissal of Class Allegations Without Prejudice pursuant to California Rules of Court rules 3.770, *et seq*. and based on the following facts:

2.       On August 7, 2024, Plaintiff submitted to the Labor and Workforce Development Agency, and sent via certified mail to Defendant Tricolor California Auto Group, LLC ("Defendant"), a Notice of California Labor Code Violations.

3.       On August 8, 2024, Plaintiff filed a Class Action Complaint against Defendant, entitled *Julio K. Cordoba Rivera v. Tricolor California Auto Group, LLC*, Superior Court of the State of California, County of Los Angeles, Case Number 24STCV20001, which alleged eight individual and eight class causes of action pursuant to the California Labor Code and California Business and Professions Code for: (1) Failure To Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure To Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; (3) Failure To Provide Meal Periods [Cal. Lab. Code §§ 226.7 and 512]; (4) Failure To Authorize And Permit Rest Breaks [Cal. Lab. Code § 226.7]; (5) Failure To Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802]; (6) Failure To Timely Pay Final Wages At Termination [Cal. Lab. Code §§ 201-203]; (7) Failure To Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, *et seq*.].

4.       On September 5, 2024, Counsel for Defendant provided Counsel for Plaintiff with a copy of the arbitration agreement Plaintiff signed at the commencement of his employment with Defendant. Counsel for Plaintiff has determined the arbitration agreement is enforceable and contains a valid class action waiver pursuant to *Epic Systems Corp. v. Lewis* (2018) 138 S.Ct. 1612.

5.       On September 11, 2024, and September 20, 2024, Counsel for Plaintiff and Counsel for Defendant met and conferred regarding (1) Plaintiff's intention to dismiss his class allegations pursuant to the arbitration agreement; (2) Plaintiff's intention to amend the Class Action Complaint to allege a cause of action for civil penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA"); and (2) Defendant's intention to file a Notice of Removal pursuant to the Class Action Fairness Act ("CAFA").

REQUEST FOR DISMISSAL OF CLASS ALLEGATIONS WITHOUT PREJUDICE; DECLARATION OF JACQUELYNE VANEMMERIK; ORDER THEREON

6.      The Court has imposed a stay on the instant action pending the Initial Status Conference scheduled for December 20, 2024. Under California Labor Code section 2699.3(a), Plaintiff cannot amend the Class Action Complaint to allege a cause of action for civil penalties pursuant to PAGA until October 11, 2024, *after Defendant's Notice of Removal deadline*.

7.      Pursuant to the arbitration agreement, Plaintiff submits the instant Request for Dismissal of Class Allegations Without Prejudice ("Request for Dismissal"). In the event the Request for Dismissal is granted, Plaintiff intends to continue working with Counsel for Defendant to resolve his individual allegations and potential cause of action for civil penalties pursuant to PAGA.

8.      The Request for Dismissal will not prejudice the putative Class for the following reasons:

      a.   First, the Request for Dismissal is made under the condition that dismissal of the class allegations is without prejudice. Therefore, if granted, the Request for Dismissal will not affect any existing right of any putative Class Member to allege the same or similar individual wage and hour causes of action as alleged by Plaintiff in his Class Action Complaint;

      b.   Second, the putative Class has not received notice of the instant action or of their statuses as putative Class Members because (a) the Parties did not resolve the class allegations through a class action settlement, (b) Plaintiff did not certify the putative Class, and (c) neither Party took any action which would require it to provide notice of the instant action pursuant to California Rules of Court rules 3.766, 3.769, or 3.770(c). Therefore, it is unlikely that putative Class Members have forgone filing their own claims in reliance on the pendency of the instant action; and

      c.   Third, Plaintiff is not an adequate representative of the defined putative Class because he signed an enforceable arbitration agreement that waives his right to bring any claims relating to his employment with Defendant on a classwide basis, and the class allegations alleged in the instant action are exclusively related to Plaintiff's and the putative Class' employment with Defendant. Therefore, by dismissing his class allegations, Plaintiff is not abandoning any claims he could otherwise viably pursue on behalf of the putative Class.

2

9.    No consideration, direct or indirect, is being given in exchange for this Request for Dismissal. In particular, neither Plaintiff nor his counsel are receiving any consideration in exchange for this dismissal.


Dated: September 23, 2024                  Respectfully submitted,

                                           MOON LAW GROUP, P.C.


                                  By: */s/ Jacquelyne VanEmmerik*
                                           Kane Moon
                                           Allen Feghali
                                           Jacquelyne VanEmmerik

                                           Attorneys for Plaintiff, *Julio K. Cordoba Rivera*

## DECLARATION OF JACQUELYNE VANEMMERIK

I, JACQUELYNE VANEMMERIK, declare as follows:

1.      I am an attorney at law duly licensed to practice as such before all Courts of the State of California and am one of the attorneys of record for Plaintiff Omar Rodriguez ("Plaintiff"). This Declaration is made in support of his Request for Dismissal of Class Allegations Without Prejudice. I have personal knowledge of the matters set forth herein and can competently testify to the facts described herein.

2.      On August 7, 2024, Plaintiff submitted to the Labor and Workforce Development Agency, and sent via certified mail to Defendant Tricolor California Auto Group, LLC ("Defendant"), a Notice of California Labor Code Violations.

3.      On August 8, 2024, Plaintiff filed a Class Action Complaint against Defendant, entitled *Julio K. Cordoba Rivera v. Tricolor California Auto Group, LLC*, Superior Court of the State of California, County of Los Angeles, Case Number 24STCV20001, which alleged eight individual and eight class causes of action pursuant to the California Labor Code and California Business and Professions Code for: (1) Failure To Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure To Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; (3) Failure To Provide Meal Periods [Cal. Lab. Code §§ 226.7 and 512]; (4) Failure To Authorize And Permit Rest Breaks [Cal. Lab. Code § 226.7]; (5) Failure To Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802]; (6) Failure To Timely Pay Final Wages At Termination [Cal. Lab. Code §§ 201-203]; (7) Failure To Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, *et seq*.].

4.      On September 5, 2024, Counsel for Defendant provided Counsel for Plaintiff with a copy of the arbitration agreement Plaintiff signed at the commencement of his employment with Defendant. Counsel for Plaintiff has determined the arbitration agreement is enforceable and contains a valid class action waiver pursuant to *Epic Systems Corp. v. Lewis* (2018) 138 S.Ct. 1612.

5.      On September 11, 2024, and September 20, 2024, Counsel for Plaintiff and Counsel for Defendant met and conferred regarding (1) Plaintiff's intention to dismiss his class allegations pursuant to the arbitration agreement; (2) Plaintiff's intention to amend the Class Action Complaint

to allege a cause of action for civil penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA"); and (2) Defendant's intention to file a Notice of Removal pursuant to the Class Action Fairness Act ("CAFA").

6.      The Court has imposed a stay on the instant action pending the Initial Status Conference scheduled for December 20, 2024. Under California Labor Code section 2699.3(a), Plaintiff cannot amend the Class Action Complaint to allege a cause of action for civil penalties pursuant to PAGA until October 11, 2024, *after Defendant's Notice of Removal deadline*.

7.      Pursuant to the arbitration agreement, Plaintiff submits the instant Request for Dismissal of Class Allegations Without Prejudice ("Request for Dismissal"). In the event the Request for Dismissal is granted, Plaintiff intends to continue working with Counsel for Defendant to resolve his individual allegations and potential cause of action for civil penalties pursuant to PAGA.

8.      The Request for Dismissal will not prejudice the putative Class for the following reasons:

      a.   First, the Request for Dismissal is made under the condition that dismissal of the class allegations is without prejudice. Therefore, if granted, the Request for Dismissal will not affect any existing right of any putative Class Member to allege the same or similar individual wage and hour causes of action as alleged by Plaintiff in his Class Action Complaint;

      b.   Second, the putative Class has not received notice of the instant action or of their statuses as putative Class Members because (a) the Parties did not resolve the class allegations through a class action settlement, (b) Plaintiff did not certify the putative Class, and (c) neither Party took any action which would require it to provide notice of the instant action pursuant to California Rules of Court rules 3.766, 3.769, or 3.770(c). Therefore, it is unlikely that putative Class Members have forgone filing their own claims in reliance on the pendency of the instant action; and

      c.   Third, Plaintiff is not an adequate representative of the defined putative Class because he signed an enforceable arbitration agreement that waives his right to bring any claims relating to his employment with Defendant on a classwide basis, and the class allegations alleged in the instant action are exclusively related to Plaintiff's and the

REQUEST FOR DISMISSAL OF CLASS ALLEGATIONS WITHOUT PREJUDICE; DECLARATION OF JACQUELYNE VANEMMERIK; ORDER THEREON

putative Class' employment with Defendant. Therefore, by dismissing his class allegations, Plaintiff is not abandoning any claims he could otherwise viably pursue on behalf of the putative Class.

9.      No consideration, direct or indirect, is being given in exchange for this Request for Dismissal. In particular, neither Plaintiff nor his counsel are receiving any consideration in exchange for this dismissal.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct.

Executed this September 23, 2024, in Los Angeles, California.


*/s/ Jacquelyne VanEmmerik*
Jacquelyne VanEmmerik

REQUEST FOR DISMISSAL OF CLASS ALLEGATIONS WITHOUT PREJUDICE; DECLARATION OF JACQUELYNE VANEMMERIK; ORDER THEREON

## <u>ORDER</u>

The Court, having considered Plaintiff's Request for Dismissal of Class Allegations Without Prejudice and the Declaration of Jacquelyne VanEmmerik, pursuant to California Rules of Court rules 3.770, *et seq.*, orders that the class allegations outlined in the instant action shall be dismissed *without* prejudice, so that Plaintiff can proceed with his individual allegations.

Date: _____         _____
                                    Honorable Elaine Lu
                                    Judge of the Los Angeles County Superior Court

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                              ) ss
COUNTY OF LOS ANGELES         )

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 S. Figueroa Street, 31st Floor, Los Angeles, California 90017. On September 23, 2024, I served the foregoing document described as:

**REQUEST FOR DISMISSAL OF CLASS ALLEGATIONS WITHOUT PREJUDICE; DECLARATION OF JACQUELYNE VANEMMERIK; [PROPOSED] ORDER THEREON**

  X__  by placing ___ the original  X  a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

EUGENE RYU (SBN) 209104
Gene.Ryu@klgates.com
PAUL M. SUH (SBN) 321028
Paul.Suh@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard
8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax No.: (310) 552-5001

*Attorneys for Defendant TRICOLOR CALIFORNIA AUTO GROUP, LLC*

[✓]  **BY U.S. MAIL**:  I deposited such envelope in the mail in Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

 X___  (State)        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on **September 23, 2024**, in Los Angeles, California.

  Janelle Jickain_____              _____
       Name                                                  Signature

1

PROOF OF SERVICE

## PROOF OF SERVICE

*[Julio K. Cordoba Rivera v. Tricolor California Auto Group*

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **September 26, 2024**, I served the document(s) described as:

**DECLARATION OF PAUL M. SUH IN SUPPORT OF DEFENDANT TRICOLOR CALIFORNIA AUTO GROUP, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 28 U.S.C. §§ 1332(a), 1441, & 1446— DIVERSITY JURISDICTION**

on the interested parties in this action by delivering a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Kane Moon                                           *Attorneys for Plaintiff*
Allen Feghali                                       *Julio K. Cordoba Rivera*
Jacquelyne P. Yanemmerik
MOON LAW GROUP, PC
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone:  (213) 232-3128
Facsimile:   (213) 232-3125
Emails: kmoon@moonlawgroup.com
          afeghali@moonlawgroup.com
          jvanemmerik@moonlawgroup.com
          jenoh@moonlawgroup.com

☒     **BY ELECTRONIC SERVICE**: Pursuant to C.R.C. 2.251 or agreement by all parties, I served the described document(s) by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is jonathan.randolph@klgates.com.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **September 26, 2024**, at Los Angeles, California.

_____
Jonathan Randolph

4